L. A. JACKSON v. THE STATE.

No. 6338. Decided June 8, 1921.

**Issuing Check Intended to Circulate as Money—Insufficiency of the Evidence.**

Where, upon trial of the violation of Article 514, P. C., for issuing a check circulated as money, the evidence showed that the alleged check was issued for the purpose of ordinary checks to pay a debt and not with the intention that it should circulate as money, the conviction could not be sustained.

Appeal from the County Court of Harrison. Tried below before the Honorable W. H. Strength.

Appeal from a conviction of unlawfully passing a certain check to circulate as money; penalty, a fine of $10.

The opinion states the case.

*W. B. Lea,* for appellant.—Cited Ayers v. State, 38 S. W. Rep., 792.

;9 Tex.—31

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—The record in this case presents a novel situation to say the least. Appellant was prosecuted and convicted under an information as follows:

"Now comes, F. M. Scott County Attorney of Harrison County, Texas, upon affidavit of Ellis Johnson, hereto attached, and made a part hereof, and in behalf of said State presents in the County Court of Harrison County, Texas, at the September Term, 1920, of said Court, that L. A. Jackson on or about the 18th day of October, 1920, in the County of Harrison and State of Texas, and before the making and filing of this information, did then and there in the County and State aforesaid, did unlawfully issue a check intended to circulate as money, the same being as follows, to-wit:

Marshall, Tex. Oct. 18, 1920.

The Marshall National Bank    (88-46)

Of Marshall, Texas.

Order

Pay to        A. A. Gorrell or bearer _____ $2.57
Two and 57-100 _____Dollars

L. A. Jackson.

against the peace and dignity of the State.

F. M. Scott.
County Attorney, Harrison County, Texas."

Appellant was convicted and fined $10.

The prosecution in this case seems to have proceeded under Article 514 (368), P. C., which is as follows:

"If any person within this State shall issue any bill, promissory note, check or other paper to circulate as money, he shall be fined not less than $10, nor more than $50 for each bill, promissory note, check or other paper so issued."

The undisputed evidence shows that on October 18, 1920, appellant owed the mercantile establishment of A. A. Gorrell in the City of Marshal an account amounting to $2.57. He gave the check in question in payment of the account. Gorrell claimed that appellant told him he had the money in the bank to cover the check. Appellant claimed that he told him he did not know whether he had sufficient funds to cover the check or not, but that he would make a deposit the next morning sufficient to cover it. The check was presented to the bank and payment refused because there were not sufficient funds. Appellant claims to have gone to the bank the next morning to make the deposit, but found the check had been turned over to the officers, and instead of making the deposit took the money and paid Gorrell. This is practically all the evidence in the case.

There is not one line of testimony in the record which would indicate that the check was issued by Jackson for any other purpose than checks are ordinarily issued, to-wit: to pay a debt, and on what theory the prosecution proceeded, under the statute in question, to charge him with issuing a check with the intention that it should circulate as money, is more than we have been able to ascertain from the record.

The judgment of the trial court is reversed, and the prosecution ordered dismissed, so far as this information is concerned.

*Reversed and remanded.*